UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMERON D. J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 18-cv-5619 TLF

OPINION AND ORDER TO REVERSE THE COMMISSIONER'S DECISION TO DENY DISABILITY BENEFITS

Plaintiff brought this matter for judicial review of the Commissioner's denial of his application for supplemental security income ("SSI") and disability insurance benefits ("DBI"). For the reasons below, the decision to deny benefits is reversed and remanded for further proceedings.

## I.     ISSUE FOR REVIEW, AND COURT'S HOLDING

Did the ALJ err by providing legally insufficient reasons, based on less than substantial evidence, to discount the opinion of examining psychologist Alysa A. Ruddell, Ph.D.? The Court holds that the ALJ erred and this case will be remanded for further administrative proceedings, as discussed below.

## II.     FACTUAL AND PROCEDURAL HISTORY

On June 24, 2015, plaintiff applied for SSI and DBI, alleging disability beginning January 15, 2015. Dkt. 6, Administrative Record ("AR") p. 15. His application was denied on initial administrative review and on reconsideration. *Id*. Plaintiff appeared and testified before

administrative law judge Allen G. Erickson (the "ALJ") on February 7, 2017. AR 35-95. On July 19, 2017, the ALJ determined that plaintiff was not disabled. *See* AR 15-30.

The Commissioner employs a five-step process in determining whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* Step one considers whether the claimant is engaged in "substantial gainful activity." *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) (citing C.F.R. § 416.920(a)(4)). Step two considers "the severity of the claimant's impairments. *Id.* If the claimant is found to have a severe impairment, step three considers "whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1." *Id.* "If so, the claimant is considered disabled and benefits are awarded, ending the inquiry." *Id.* If not, the claimant's residual functional capacity ("RFC") is considered at step four in determining whether the claimant can still do his or her past relevant work and, if necessary, at step five "make an adjustment to other work." *Id.*

In this case at step one, the ALJ determined plaintiff had not engaged in substantial gainful activity since plaintiff's alleged onset date. AR 17. At step two, the ALJ found plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine; obesity; major depressive disorder; post traumatic stress disorder; [and] insomnia[.]" AR 17 (citations omitted). At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 20.

Prior to step four, the ALJ determined plaintiff has the RFC to perform light work with some additional climbing, postural, environmental, and mental limitations. AR 23. With respect to plaintiff's mental RFC, the ALJ determined plaintiff can "understand, remember, and apply

short, simple instructions; can perform routine tasks, not in a fast paced production type environment; can make simple decisions; and can have occasional interactions with the general public." *Id*. After determining plaintiff's RFC, the ALJ found at step four that he could not perform his past relevant work, but that at step five he could perform other jobs existing in significant numbers in the national economy, and therefore found plaintiff was not disabled. AR 28-30.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council. AR 1. Plaintiff appealed to this Court on August 2, 2018. Dkt. 1. The Parties have consented to proceed before a magistrate judge. Dkt. 3.

### III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what

the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

"If the evidence admits of more than one rational interpretation," the Court must uphold the ALJ's finding. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.* The Court should consider that "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must affirm the decision actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

## IV. DISCUSSION

Plaintiff seeks reversal of the ALJ's decision, arguing the ALJ erred by providing insufficient reasons, based on a record that did not contain substantial evidence to discount the opinion of examining psychologist Alysa A. Ruddell, Ph.D. Dkt. 8 at 2-4. Regardless whether this issue is considered under the clear and convincing standard (assuming there is no conflict between Dr. Ruddell's opinion and the evidence concerning the plaintiff's childcare activities), or under the specific and legitimate standard (assuming there is a conflict between Dr. Ruddell's opinion and the evidence concerning the plaintiff's childcare activities), the Court finds the reasons are insufficient, and not based on substantial evidence.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*internal citations omitted*). When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are

supported by substantial evidence in the record." *Id.* at 830-31. The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*internal citations omitted*).

Here, Dr. Ruddell examined plaintiff on June 1, 2015, and on the same day issued a psychological evaluation form assessing plaintiff's mental limitations. Dr. Ruddell diagnosed Major Depressive Disorder, Alcohol Use Disorder, and Insomnia. AR 354. Dr. Ruddell assessed a marked limitation in plaintiff's ability to learn new tasks and adapt to changes in a routine work setting. AR 355. She also assessed several moderate limitations. *Id*.

The ALJ gave great weight to the moderate limitations Dr. Ruddell assessed. However, the ALJ assigned little weight Dr. Ruddell's assessment of marked limitations in learning new tasks and adapting to changes in a routine work setting. The ALJ gave the following reasons for discounting Dr. Ruddell's opinion:

> [t]he claimant demonstrated the ability to learn new skills to cope with his depression, anxiety, post-traumatic stress disorder, and insomnia, as described in treatment records of his therapy. (Ex. 8F/28). This does not support a finding that the claimant is markedly limited in this area. Similarly, the claimant underwent a significant disruption in his basic schedule following the unexpected death of his daughter. This led to the claimant and the claimant's wife becoming the primary childcare providers for the claimant's grandson. (Ex. 8F/12). The claimant testified at [the] hearing, and reported in treatment encounters, that he was capable of feeding and caring for this toddler. (Ex. 8F/1). This evidence does not support a finding of marked limitation in adapting to changes in a routine work setting, given the claimant's ability to adapt to serious change in other areas of his life.

AR 27.

<u>Marked limitation in adapting to changes in a routine work setting</u>

Plaintiff contends the ALJ did not provide a specific and legitimate reason supported by substantial evidence to discount the marked limitation to adapting to changes in a routine work

OPINION AND ORDER TO REVERSE THE
COMMISSIONER'S DECISION TO DENY DISABILITY
BENEFITS - 5

setting. *See* Dkt. 8 at 2, 4. Plaintiff argues that as activities of daily living are distinct from work activities, plaintiff's childcare activities have no bearing on his ability to perform work activities. *See id.* at 4. The Court agrees.

Daily activities are a relevant consideration in determining the severity of a claimant's impairment. *See* SSR 16-3P, 2016 WL 111-9029, 2016. Nevertheless, courts must exercise caution when concluding activities are inconsistent with disability, because "'[t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ..., and is not held to a minimum standard of performance, as she would be by an employer.'" *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (quoting *Bjornston v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).

Evidence of childcare duties may be relevant to a physician's opinions about the claimant's limitations, but only when the specific childcare duties actually undermine the claimed limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (as amended September 14, 2017). In *Trevizo*, an ALJ discounted a treating physician's opinion because the physician's opinion that the claimant had less than sedentary capacity was inconsistent with the claimant's childcare activities. *Id.* The Ninth Circuit found the ALJ's reasoning in *Trevizo* was insufficient because the ALJ did not develop a record regarding the extent or frequency of claimant's specific tasks that might undermine the claimed limitations; and the ALJ failed to inquire about claimant acting alone or with the assistance of other family members during the childcare activities. *Id*.

In this case, plaintiff expressed that his daughter left behind three young children when she passed away, and he and his wife took in one of the children, a two-year-old. AR 638.

Plaintiff testified that his wife worked from 6 am to 2 pm, and during that time he was alone with the toddler. AR 68 and 71. Plaintiff stated he had a lot of responsibility, made sure the toddler's needs were met, but he did not engage in physical play. AR 68-69. This life change occurred after the psychological evaluation that was conducted by Dr. Ruddell. AR 353-357 (Dr. Ruddell's evaluation of 6-1-2015); AR 638 (treatment notes dated 9-27-2016 taken by Melissa Anne Hoefer-Kravagna, MSW, documenting that plaintiff told her about the recent death of his daughter; after his daughter passed away, treatment notes by Ms. Hoefer-Kravagna, MSW indicate that plaintiff experienced severe depression. AR 631).

A claimant's ability to adapt to changes in the home does not necessarily show ability to adapt to changes at work. While caring for a young grandchild requires a responsible person to give supervision and care, keeping up with a toddler at home during working hours is not the equivalent of being a child care worker or other paid care-giver in a full-time work setting.

There is no direct supervision of the plaintiff's work, and the plaintiff would not be held to specific standards or expected to perform any specific tasks in a timely or professional manner while caring for the basic needs of his young grandchild. As in *Trevizo*, this is a situation where the ALJ did not have substantial evidence upon which to discount Dr. Riddell's opinion evidence of the effect of plaintiff's psychological symptoms, that plaintiff would experience marked difficulty in adapting to working conditions and expectations. Plaintiff's ability to take on new responsibilities for at-home childcare was not a legally sufficient reason to discount Dr. Riddell's opinion.

<u>Marked limitation in learning new tasks</u>

Plaintiff also challenges the ALJ's decision to discount the marked limitation in learning new tasks. The ALJ discounted Dr. Ruddell's assessment of a marked limitation in learning

OPINION AND ORDER TO REVERSE THE
COMMISSIONER'S DECISION TO DENY DISABILITY
BENEFITS - 7

tasks because plaintiff "demonstrated the ability to learn new skills to cope with his depression, anxiety, post-traumatic stress disorder, and insomnia, as described in treatment records of his therapy." AR 27. In support of this reason, the ALJ cited a March 31, 2016 treatment report from plaintiff's visit with a therapist. *Id*. The treatment report notes in pertinent part,

> [Plaintiff] is attending therapy regularly, and working on gaining skills/tools to help manage his depression and anxiety. He continues to struggle with feelings of guilt and anger over the path his marriage is taking. [Plaintiff] is able to integrate healthy coping skills/tools into his daily practice between sessions, and he provides good examples of this. He is incrementally improving his self care and ability to advocate for his medical conditions.

AR 654.

Plaintiff argues that substantial evidence does not support the ALJ's reasoning. The Court agrees. Although the March 31, 2016 treatment report contains a vague reference to plaintiff's ability to integrate healthy coping skills into his daily practice, it lacks the specificity to serve as a reasonable basis to discount marked limitations in learning new tasks. It does not clarify what coping skills plaintiff was able to incorporate into his daily practice, nor how successfully he learned or deployed them. While the report contains a reference to some specific coping strategies—e.g. relaxation, meditative practice, and breathing tools—this is not reasonably understood as a record of what plaintiff successfully learned. *See id*. Rather, it is a record of what strategies the therapist presented to plaintiff.

Furthermore, Dr. Ruddell's assessment was made in the context of plaintiff's ability to sustain an activity "over a normal workday/week on an ongoing, appropriate, and independent basis." *See* AR 355. Plaintiff's ability to apply unspecified coping skills/tools into his daily life under the direction of a therapist does not necessarily undermine a marked limitation in learning new tasks in a work setting on an independent basis. Without greater specificity as to what coping skills plaintiff was able to incorporate into his practice and how well he did so, it would

OPINION AND ORDER TO REVERSE THE
COMMISSIONER'S DECISION TO DENY DISABILITY
BENEFITS - 8

be speculative to determine the March 31, 2016 treatment report is inconsistent with Dr. Ruddell's assessment. *See* SSR 86-8, 1986 (an ALJ may not speculate). Therefore, substantial evidence does not support the ALJ's reason to discount Dr. Ruddell's assessment of a marked limitation in learning new tasks. Accordingly, the ALJ erred in discounting this limitation. *See Lester* 81 F.3d at 830-31.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115.

Defendant argues that even if the ALJ provided insufficient reasons to discount Dr. Ruddell's assessment, any error was harmless because limitations lasting less than twelve months are not disabling, and Dr. Ruddell indicated the assessed limitations are "primarily the result of alcohol or drug use within the past 60 days[.]" AR 355; *see* Dkt. 9 p. 4. However, Dr. Ruddell noted "current impairments [would] persist following 60 days of sobriety[.]" AR 355. She also opined that plaintiff's limitations would last 12-18 months. AR 355. Therefore, even if limitations lasting less than 12 months are not disabling, Dr. Ruddell's opinion need not be discounted for this reason. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ— not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted). The ALJ did not refer to Dr. Ruddell's notes regarding effort or alcohol use among the reasons to discount the limitations Dr. Ruddell assessed. *See* AR 27. Therefore, it would not be appropriate to affirm the ALJ's decision on these grounds.

In the end, Dr. Ruddell's assessment of a marked limitations in adapting to changes, or learning new tasks, was not set forth in the ALJ's RFC determination. Had the ALJ fully credited Dr. Ruddell's opinion, the RFC may have included additional limitations regarding adaptations to changes and learning additional tasks. In turn, these limitations should have been conveyed to the vocational expert, which might have influenced the ultimate disability determination.

Because the ultimate disability determination may have changed with proper consideration of Dr. Ruddell's opinion, the ALJ's error is not harmless and requires reversal.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner was not based on legally sufficient reasons and was not supported by substantial evidence. Therefore, the Commissioner's decision is hereby REVERSED and REMANDED FOR ADDITIONAL ADMINISTRATIVE PROCEEDINGS. On remand, the ALJ is directed to reevaluate Dr. Ruddell's assessment of adapting to changes in a work setting; and also to reevaluate Dr. Ruddell's assessment of a marked limitation in learning new tasks.

Dated this 8th day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge